UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                             Plaintiff,<br>v.<br>TRICOLOR AUTO ACCEPTANCE, LLC, a limited liability company,<br>                             Defendant. | Case No. 3:15-cv-3002 |

**COMPLAINT FOR CIVIL PENALTIES, PERMANENT INJUNCTION,
AND OTHER EQUITABLE RELIEF**

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), for its Complaint, alleges:

1. Plaintiff brings this action under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a), and Section 621(a) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s(a), to obtain monetary civil penalties and permanent injunctive or other relief for Defendant's violations of the FTC Act, 15 U.S.C. § 45(a); the FCRA, 15 U.S.C. §§ 1681-1681x; and the Duties of Furnishers of Information to Consumer Reporting Agencies ("Furnisher Rule"), 16 C.F.R. § 660, issued pursuant to Section 623(e)(1) of the FCRA, 15 U.S.C. § 1681s-2(e)(1), and recodified as Duties of Furnishers of Information, 12 C.F.R. § 1022, subpart E.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(a), and 1681s(a).

3. Venue is proper in the United States District Court for the Northern District of Texas under 28 U.S.C. §§ 1391(b)-(c), 1395(a), and 15 U.S.C. § 53(b).

**PLAINTIFF**

4.     This action is brought by the United States of America on behalf of the Federal Trade Commission.  The FTC is an independent agency of the United States government created by statute.  15 U.S.C. §§ 41-58.  The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.  The FTC also enforces the FCRA, 15 U.S.C. §§ 1681-1681x, which imposes duties upon consumer reporting agencies and those who furnish information to a consumer reporting agency or use information obtained from a consumer reporting agency.  Pursuant to the FCRA, the FTC promulgated and enforces the Furnisher Rule, 16 C.F.R. § 660, recodified as promulgated by the Consumer Financial Protection Bureau ("CFPB") at 12 C.F.R. § 1022, Subpart E, effective December 30, 2011.

**DEFENDANT**

5.     Defendant Tricolor Auto Acceptance, LLC ("TAA"), is a Delaware limited liability company with its principal place of business at 545 E John Carpenter Freeway, Suite 925, Irving, Texas 75062.  TAA transacts or has transacted business in this district.

**COMMERCE**

6.     At all times material to this Complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

**THE FAIR CREDIT REPORTING ACT ("FCRA") AND FURNISHER RULE**

7.     The FCRA was enacted in 1970, became effective on April 25, 1971, and has been in force since that date.  The Fair and Accurate Credit Transactions Act amended the FCRA in December 2003, and the Dodd-Frank Act amended the FCRA in July 2010.

8.     Section 621 of the FCRA, 15 U.S.C. § 1681s, authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FCRA by all persons subject thereto except to the extent that enforcement specifically is committed to some other governmental agency, irrespective of whether the person is engaged in commerce or meets any other jurisdictional tests set forth by the FTC Act.

9. The FCRA imposes obligations on consumer reporting agencies ("CRAs") that assemble and evaluate consumer reports, furnishers of information to CRAs, and those that obtain information from CRAs. As to furnishers, the FCRA requires them to: (1) establish and implement reasonable written policies and procedures regarding the accuracy and integrity of consumer information they furnish to a CRA, 16 C.F.R. § 660.3, recodified at 12 C.F.R. § 1022.42; and (2) conduct a reasonable investigation of disputes they receive from consumers concerning the accuracy of reported credit information, 16 C.F.R. § 660.4, recodified at 12 C.F.R. § 1022.43.

10. The FCRA required the Commission to establish regulations to implement these requirements for furnishers. The Commission published those regulations at 16 C.F.R. § 660 ("Furnisher Rule"). In July 2011, the Dodd-Frank Act transferred rulemaking authority under the FCRA to the CFPB, and the CFPB republished those regulations at 12 C.F.R. § 1022, at Subpart E and Appendix E to part 1022. The Commission enforces these CFPB regulations with respect to entities over which the Commission has jurisdiction under the FCRA.

## DEFENDANT'S BUSINESS PRACTICES

11. Tricolor Auto Group ("Tricolor"), an affiliate of TAA, sells automobiles to consumers and offers them credit to finance the automobiles it sells. Tricolor advertises primarily to the American Hispanic population. In fact, the default language setting on Tricolor's website is Spanish.

12. Tricolor transfers its entire interest in its consumer loans to Tricolor Funding SPV, LLC ("Tricolor Funding"), a subsidiary of TAA.

13. Although Tricolor Funding owns these loans, TAA is responsible for their servicing. As part of its servicing responsibilities, TAA regularly furnishes information about these loans to Experian, a CRA. Accordingly, it is a "furnisher of information" under the FCRA. 15 U.S.C. § 1681s-2(a)(2)(A).

14. The information TAA reports to CRAs about the loans it services includes: account balance; account status; payment history; address on file; Social Security number; and date of birth. Since it began furnishing, TAA has furnished information about 11,635 unique

accounts to the CRAs, but does not have any written policies regarding furnishing information to CRAs.

## FURNISHER RULE VIOLATIONS

15.     The Furnisher Rule, 16 C.F.R. § 660.3, recodified at 12 C.F.R. § 1022.42, Subpart E, states that furnishers must establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the consumer information that they furnish to a CRA. Section 1022.42 requires each furnisher to consider the guidelines in Appendix E of that Rule, and review their policies and procedures periodically.  16 C.F.R. § 660.3, recodified at 12 C.F.R. § 1022.42.  This provision of the Furnisher Rule was intended to "promote the accuracy of information reported to consumer reporting agencies." H.R. REP. NO. 108-263, at 44 (2003).

16.     TAA has failed to establish and implement any reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to CRAs, failed to consider Appendix E of that Rule, and failed to review its policies and procedures periodically.

17.     Section 1022.43 of the Furnisher Rule requires that furnishers conduct a reasonable investigation of direct consumer disputes concerning the accuracy of reported credit information, including disputes about the accuracy of the consumer's account balance.  After receiving a direct dispute, a furnisher must 1) conduct a reasonable investigation; 2) review all relevant information provided by the consumer; 3) timely complete its investigation and report the results to the consumer; and 4) update the CRAs and correct any inaccurate information.  16 C.F.R. § 660.4(e), recodified at 12 C.F.R. § 1022.43(e).  This provision enables consumers to deal "directly with the furnisher with which the consumer has a relationship, rather than raising those disputes initially with a consumer reporting agency with which the consumer does not have an ongoing relationship." H.R. REP. NO. 108-263, at 45 (2003).

18.     Even if the furnisher determines that the consumer's dispute is frivolous or irrelevant and that no investigation is required, the furnisher must provide the consumer with notice that it has determined the consumer's dispute to be frivolous or irrelevant and provide the consumer with reasons why the dispute was determined frivolous, along with whatever

additional information is required to investigate the dispute. 16 C.F.R. § 660.4(f), recodified as 12 C.F.R. § 1022.43(f).

19. TAA has failed to reasonably investigate direct disputes about the accuracy of account balance information it furnishes to CRAs. TAA's practice is to forward all direct disputes to the CRA to which it furnishes information without performing a reasonable investigation.

## COUNT I

### No Established Written Policies and Procedures

20. Through the acts and practices described in paragraph 16, TAA has failed to:

   a) establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency;

   b) consider and incorporate the applicable guidelines set forth in Appendix A to 16 C.F.R. Part 660, recodified at Appendix E to 12 C.F.R. Part 1022, in developing such policies and procedures; and

   c) review such policies and procedures periodically and update them as necessary to ensure their continued effectiveness.

TAA thereby has violated the Furnisher Rule's accuracy and integrity regulations, 16 C.F.R. § 660.3, recodified at 12 C.F.R. § 1022.42.

21. Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), TAA's violations of the Furnisher Rule constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

22. The acts and practices described in paragraph 20 constitute a pattern or practice of knowing violations, as set forth in Section 621(a)(2)(A) of the FCRA, 15 U.S.C. § 1681s(a)(2)(A).

## COUNT II

### No Reasonable Investigation of or Response to Direct Disputes

23. Through the acts and practices described in paragraph 19, TAA, after receiving direct disputes from consumers, as that term is defined in the Furnisher Rule at 16 C.F.R. § 660.2(b), recodified at 12 C.F.R. § 1022.41(b), has failed to:

    a)    conduct reasonable investigations of direct disputes;

    b)    review all relevant information provided by the consumer with respect to disputes;

    c)    complete its investigation of the dispute and report the results of the investigation to the consumer before the expiration of the period prescribed by Section 611(a)(1) of the FCRA, 15 U.S.C. § 1681i(a)(1);

    d)    where appropriate, provide notice of a determination that a dispute is frivolous or irrelevant within the time period specified by Section 623(a)(8)(F)(ii), 15 U.S.C. § 1681s-2(a)(8)(F)(ii), 16 C.F.R. § 660.4(f)(2), recodified at 12 C.F.R. § 1022.43(f)(2); and

    e)    in instances where it has determined that a dispute is frivolous or irrelevant, include the reasons for its determination that a dispute is frivolous or irrelevant and identify any information required to investigate the disputed information.

TAA thereby has violated Section 623(a)(8) of the FCRA, 15 U.S.C. § 1681s-2(a)(8), and the Furnisher Rule's direct dispute provisions, 16 C.F.R. § 660.4 and 12 C.F.R. § 1022.43.

24. Pursuant to Section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), TAA's violations of the Furnisher Rule constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

25. The acts and practices described in paragraph 23 constitute a pattern or practice of knowing violations, as set forth in Section 621(a)(2)(A) of the FCRA, 15 U.S.C. § 1681s(a)(2)(A).

## CONSUMER INJURY

26. Consumers have suffered and will continue to suffer substantial injury as a result of the Defendant's violations of the FTC Act, the FCRA, and the Furnisher Rule.

### INJUNCTION FOR VIOLATIONS OF THE FCRA AND THE FTC ACT

27.     Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and Section 621(a) of the FCRA, 15 U.S.C. § 1681s(a), this Court is authorized to issue a permanent injunction to ensure that Defendant will not continue to violate the FTC Act and the FCRA.

### EQUITABLE RELIEF FOR VIOLATIONS OF THE FTC ACT, THE FURNISHER RULE, AND THE FCRA

28.     Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and Section 621(a) of the FCRA, 15 U.S.C. § 1681s(a), this Court is authorized to issue all equitable and ancillary relief as it may deem appropriate in the enforcement of the FTC Act, the Furnisher Rule, and the FCRA, including the ability to order rescission or reformation of contracts, restitution, the refund of monies paid, and disgorgement to deprive a wrongdoer of ill-gotten gain.

### CIVIL PENALTIES FOR VIOLATIONS OF THE FCRA AND THE FURNISHER RULE

29.     Section 621(a)(2)(A) of the FCRA, 15 U.S.C. § 1681s(a)(2)(A), as adjusted by 16 C.F.R. § 1.98(m), authorizes the Court to award monetary civil penalties of not more than $3,500 for each knowing violation of the FCRA that constitutes a pattern or practice of violations of the statute.

30.     Each instance in which TAA has failed to comply with Section 623(a)(8) of the FCRA, 15 U.S.C. § 1681s-2(a)(8), and the Furnisher Rule's direct dispute provisions, 16 C.F.R. § 660.4, recodified at 12 C.F.R. § 1022.43, constitutes a separate violation of the FCRA for the purpose of assessing monetary civil penalties under Section 621(a)(2)(A) of the FCRA, 15 U.S.C. § 1681s(a)(2)(A).  Each instance in which TAA has failed to comply with the Furnisher Rule's accuracy and integrity regulations, 16 C.F.R. § 660.3, recodified at 12 C.F.R. § 1022.42, also constitutes a separate violation of the FCRA for the purpose of assessing monetary civil penalties.

### PRAYER FOR INJUNCTIVE AND MONETARY RELIEF

WHEREFORE, Plaintiff, pursuant to 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 1681s, and the Court's own equitable powers, respectfully requests that the Court:

1) Enter judgment against the Defendant and in favor of Plaintiff for each violation alleged in this Complaint;

2) Enter a permanent injunction to prevent future violations of the FTC Act, the FCRA, and the Furnisher Rule by Defendant, as alleged herein;

3) Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendant's violations of the FTC Act, the FCRA, and the Furnisher Rule, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten gains;

4) Award Plaintiff monetary civil penalties from Defendant for each violation of the FCRA and the Furnisher Rule alleged in this Complaint; and

5) Award Plaintiff the costs of bringing this action, as well as such other additional relief as the Court may determine to be just and proper.

Dated: September 15, 2015

Respectfully submitted,

**FOR PLAINTIFF, THE UNITED STATES OF AMERICA**

JOHN R. PARKER
United States Attorney

LISA R. HASDAY
Assistant United States Attorney
Northern District of Texas
1100 Commerce Street, Third Floor
Dallas, TX 75242
Telephone: (214) 659-8737
Facsimile: (214) 659-8807
Email: Lisa.Hasday@usdoj.gov

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division

JONATHAN F. OLIN
Deputy Assistant Attorney General

MICHAEL S. BLUME

**FOR THE FEDERAL TRADE COMMISSION:**

MANEESHA MITHAL
Associate Director
Director of Privacy and Identity Protection

MARK EICHORN
Assistant Director
Division of Privacy and Identity Protection

DAVID LINCICUM
Division of Privacy and Identity Protection
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC 20580
(202) 326-2773 (voice)
(202) 326-3062 (fax)

JACQUELINE CONNOR
Division of Privacy and Identity Protection
Federal Trade Commission
600 Pennsylvania Avenue, N.W.

Director  
Consumer Protection Branch  

ANDREW E. CLARK  
Assistant Director  

/s/ Kerala T. Cowart  
KERALA T. COWART  
California Bar No. 284519  
Trial Attorney  
Consumer Protection Branch  
U.S. Department of Justice  
P.O. Box 386  
Washington, DC 20044  
Telephone: (202) 353-3881  
Facsimile: (202) 514-8742  
Email: Kerala.T.Cowart@usdoj.gov  

Washington, DC 20580  
(202) 326-2844 (voice)  
(202) 326-3062 (fax)