UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | |
| ) | |
| Plaintiff,         ) | |
| ) | CIVIL ACTION NO. |
| VS.         ) | |
| ) | 3:15-CV-3002-G |
| TRICOLOR AUTO ACCEPTANCE,         ) | |
| LLC, a limited liability company,         ) | |
| ) | |
| Defendant.         ) | |

### STIPULATED FINAL JUDGMENT AND ORDER FOR CIVIL PENALTIES, PERMANENT INJUNCTION, AND OTHER EQUITABLE RELIEF

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), filed its complaint, for civil penalties, permanent injunction and other equitable remedies in this matter, pursuant to Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a); and Section 621(a) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s(a).

Defendant has been represented by attorneys whose names appear hereafter. Defendant has waived service of the summons and complaint. Plaintiff and defendant stipulate to the entry of this Stipulated Final Judgment and Order for Civil Penalties, Permanent Injunction, and Other Equitable Relief ("Order") to resolve all matters in dispute in this action between them.

Therefore, it is hereby **ORDERED** as follows:

## FINDINGS

1.   This court has jurisdiction over this matter.

2.   The complaint charges that defendant participated in acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45; the FCRA, 15 U.S.C. §§ 1681-1681x; the Duties of Furnishers of Information to Consumer Reporting Agencies ("Furnisher Rule"), 16 C.F.R. § 660, issued pursuant to Section 623(e)(1) of the FCRA, 15 U.S.C. §1681s-2(e)(1), and recodified as Duties of Furnishers of Information, 12 C.F.R. § 1022, subpart E.

3.   Defendant neither admits nor denies any of the allegations in the complaint, except as specifically stated in this order. Only for purposes of this action, defendant admits the facts necessary to establish jurisdiction.

4.   Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this order, and agrees to bear its own costs and attorney's fees.

5. The parties waive all rights to appeal or otherwise challenge or contest the validity of this order.

6. Defendant waives any claim it may have against the Commission, its employees, representatives, or agents that relate to the matter stated herein.

7. Entry of this order is in the public interest.

## DEFINITIONS

For purpose of this order:

1. "Defendant" shall mean Tricolor Auto Acceptance, LLC, and its successors and assigns.

2. The definitions set forth in the FCRA, 15 U.S.C. § 1681a, *et seq.*, shall apply, including but not limited to:

    a. "Consumer" shall mean an individual.

    b. "Consumer Reporting Agency" or "CRA" shall mean any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

    c. "Furnisher of Information" shall mean any person who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies

> about the person's transactions or experiences
> with any consumer.

## ORDER

### I. PROHIBITED BUSINESS ACTIVITIES

It is **ORDERED** that defendant, defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who received actual notice of this order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from:

1. Failing to comply with 12 C.F.R. § 1022.42, a copy of which is attached as Attachment A, including by failing to establish and implement written policies and procedures regarding the accuracy and integrity of information relating to consumers that is furnished to any CRA; and

2. Failing to comply with 12 C.F.R. § 1022.43, a copy of which is attached as Attachment B, including by failing to reasonably or adequately investigate direct disputes about the accuracy of account balance information it furnishes to any CRA.

### 2. MONETARY JUDGMENT FOR CIVIL PENALTY

It is further **ORDERED** that:

1. Judgment in the amount of eighty-two thousand seven hundred seventy-seven dollars ($82, 777) is entered in favor of the plaintiff against defendant as a civil penalty pursuant to Section 621(a) of the FCRA, 15 U.S.C. § 1681s(a).

2. Defendant is ordered to pay to the plaintiff by making payment to the Treasurer of the United States, eighty-two thousand seven hundred seventy-seven dollars ($82, 777), which, as defendant stipulates, its undersigned counsel holds in escrow for no purpose other than payment to plaintiff.  Such payment must be made within seven (7) days of the entry of this order by electronic fund transfer in accordance with instructions previously provided by a representative of plaintiff.

### III.  ADDITIONAL MONETARY PROVISIONS

It is further **ORDERED** that:

1. If defendant is in default on any obligation under this Section, then the judgment amount, together with interest computed pursuant to 28 U.S.C. § 1961 from the date of default to the date of payment, minus any payments previously made pursuant to this Section, becomes immediately due.

2. Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this order and may not seek the return of any assets.

3. The facts alleged in the complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this order.

4.     Defendant acknowledges that its Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which defendant must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this order, in accordance with 31 U.S.C. § 7701.

## IV.  ORDER ACKNOWLEDGMENTS

It is further **ORDERED** that defendant obtain acknowledgments of receipt of this order:

1.     Defendant, within 7 days of entry of this order, must submit to the Commission an acknowledgment of receipt of this order sworn under penalty of perjury.

2.     For 5 years after entry of this order, defendant must deliver a copy of this order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

3.     From each individual or entity to which defendant delivered a copy of this order, defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this order.

## V.  COMPLIANCE REPORTING

It is further **ORDERED** that defendant make timely submissions to the Commission:

1. One year after entry of this order, defendant must submit a compliance report, sworn under penalty of perjury.

    a. Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and plaintiff may use to communicate with defendant; (b) identify all of defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales; (d) describe in detail whether and how defendant is in compliance with each Section of this order; and (e) provide a copy of each order acknowledgment obtained pursuant to this order, unless previously submitted to the Commission.

2. For 20 years following entry of this order, defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

    a. Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of defendant or any entity that the defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations

>    arising under this order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this order.

3. Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such defendant within 14 days of its filing.

4. Any submission to the Commission required by this order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on _____ ____" and supplying the date, signatory's full name, title (if applicable), and signature.

5. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, D.C. 20580. The subject line must begin: *FTC v. Tricolor Auto Acceptance, LLC (1423073)*.

## VI. RECORD KEEPING PROVISIONS

It is further **ORDERED** that defendant must create certain records for 20 years after entry of this order, and retain each such record for 5 years. Specifically, in

connection with furnishing information to any CRA, and receiving and investigating direct disputes related to Consumer Reports, defendant must create and retain the following records:

1. Accounting records showing the revenues from all goods or services sold;

2. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

3. All employee training materials;

4. Customer files showing the names, addresses, telephone numbers, dollar amounts paid, and the quantity and description of goods or services purchased;

5. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

6. All records necessary to demonstrate full compliance with each provision of this order, including but not limited to:

      a. all acknowledgments of receipt of this order, required by the section titled "Order Acknowledgments"; and

      b. all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## VII. COMPLIANCE MONITORING

It is further **ORDERED** that, for purposes of monitoring defendant's compliance with this order:

1.      Within 14 days of receipt of a written request from a representative of the Commission, defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission and plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

2.      For matters concerning this order, the Commission and plaintiff are authorized to communicate directly with the defendant.  Defendant must permit representatives of the Commission and plaintiff to interview any employee or other person affiliated with defendant who has agreed to such an interview.  The person interviewed may have counsel present.

3.      The Commission and plaintiff may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to defendant or any individual or entity affiliated with defendant, without the necessity of identification or prior notice.  Nothing in this order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## VIII.  RETENTION OF JURISDICTION

It is further **ORDERED** that this court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this order.

## IX.  COSTS AND ATTORNEYS' FEES

It is further **ORDERED** that each party shall bear its own costs and attorneys' fees incurred in connection with this action.

The parties hereby stipulate to entry of the foregoing order, which shall constitute a final order in this action.

September 16, 2015.

_C. Joe Fish_____
**A. JOE FISH**
**Senior United States District Judge**


**SO STIPULATED AND AGREED:**


**FOR PLAINTIFF, THE UNITED STATES**
**OF AMERICA:**

JOHN R. PARKER
United States Attorney

LISA R. HASDAY
Assistant United States Attorney
Northern District of Texas
1100 Commerce Street, Third Floor
Dallas, Texas  75242
Telephone:  214.659.8737

Facsimile: 214.659.8807
Email: Lisa.Hasday@usdoj.gov

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division

JONATHAN F. OLIN
Deputy Assistant Attorney General

MICHAEL S. BLUME
Director
Consumer Protection Branch

ANDREW E. CLARK
Assistant Director

  /s/  Kerala T. Cowart
KERALA T. COWART
California Bar No. 284519
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, D.C.  20044
Telephone: 202.353.3881
Facsimile:   202.514.8742
Email: Kerala.T.Cowart@usdoj.gov


**FOR THE FEDERAL TRADE COMMISSION:**

MANEESHA MITHAL
Associate Director
Division of Privacy and Identity Protection

MARK EICHORN
Assistant Director
Division of Privacy and Identity Protection

DAVID LINCICUM
Attorney
Division of Privacy and Identity Protection
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, D.C.  20580
Telephone:  202.326.2773
Facsimile     202.326.3062
Email:  dlincicum@ftc.gov

JACQUELINE CONNOR
Attorney
Division of Privacy and Identity Protection
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, D.C.  20580
Telephone:  202.326.2884
Facsimile:   202.326.3062
Email:  jconnor@ftc.gov


**FOR DEFENDANT:**

  /s/  Mauricio Delgado
MAURICIO DELGADO
Chief Executive Officer
TRICOLOR AUTO ACCEPTANCE, LLC

MICHAEL A. BENOIT
MICHAEL A. GOODMAN
ALLEN H. DENSON
Counsel for TRICOLOR AUTO ACCEPTANCE, LLC
Hudson Cook, LLP
1020 19th Street, NW
7th Floor
Washington, D.C.  20036

- 13 -

# ATTACHMENT "A"

**12 C.F.R. § 1022.42.**  Reasonable policies and procedures concerning the accuracy and integrity of furnished information.

1.  *Policies and procedures.*  Each furnisher must establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency. The policies and procedures must be appropriate to the nature, size, complexity, and scope of each furnisher's activities.

2.  *Guidelines*.  Each furnisher must consider the guidelines in appendix E of this part in developing its policies and procedures required by this section, and incorporate those guidelines that are appropriate.

3.  *Reviewing and updating policies and procedures.*  Each furnisher must review its policies and procedures required by this section periodically and update them as necessary to ensure their continued effectiveness.


**ATTACHMENT "B"**

**12 C.F.R. § 1022.43.**  Direct Disputes

(a) *General rule.*  Except as otherwise provided in this section, a furnisher must conduct a reasonable investigation of a direct dispute if it relates to:

(1)  The consumer's liability for a credit account or other debt with the furnisher, such as direct disputes relating to whether there is or has been identity theft or fraud against the consumer, whether there is individual or joint liability on an account, or whether the consumer is an authorized user of a credit account;

(2)  The terms of a credit account or other debt with the furnisher, such as direct disputes relating to the type of account, principal balance, scheduled payment amount on an account, or the amount of the credit limit on an open-end account;

(3)  The consumer's performance or other conduct concerning an account or other relationship with the furnisher, such as direct disputes relating to the current payment status, high balance, date a payment was made, the amount of a payment made, or the date an account was opened or closed; or

(4)  Any other information in a consumer report regarding an account or other relationship with the furnisher that bears on the consumer's creditworthiness,

credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living.

    (b) *Exceptions*. The requirements of paragraph (a) of this section do not apply to a furnisher if:

        (1) The direct dispute relates to:

            (i) The consumer's identifying information (other than a direct dispute relating to a consumer's liability for a credit account or other debt with the furnisher, as provided in paragraph (a)(1) of this section) such as name(s), date of birth, Social Security number, telephone number(s), or address(es);

            (ii) The identity of past or present employers;

            (iii) Inquiries or requests for a consumer report;

            (iv) Information derived from public records, such as judgments, bankruptcies, liens, and other legal matters (unless provided by a furnisher with an account or other relationship with the consumer);

            (v) Information related to fraud alerts or active duty alerts; or

            (vi) Information provided to a consumer reporting agency by another furnisher; or

        (2) The furnisher has a reasonable belief that the direct dispute is submitted by, is prepared on behalf of the consumer by, or is submitted on a form supplied to the consumer by, a credit repair organization, as defined in 15 U.S.C.

§ 1679a(3), or an entity that would be a credit repair organization, but for 15 U.S.C. § 1679a(3)(B)(i).

(c)  *Direct dispute address.*  A furnisher is required to investigate a direct dispute only if a consumer submits a dispute notice to the furnisher at:

(1)  The address of a furnisher provided by a furnisher and set forth on a consumer report relating to the consumer;

(2)  An address clearly and conspicuously specified by the furnisher for submitting direct disputes that is provided to the consumer in writing or electronically (if the consumer has agreed to the electronic delivery of information from the furnisher); or

(3)  Any business address of the furnisher if the furnisher has not so specified and provided an address for submitting direct disputes under paragraphs (c)(1) or (2) of this section.

(d)  *Direct dispute notice contents*.  A dispute notice must include:

(1)  Sufficient information to identify the account or other relationship that is in dispute, such as an account number and the name, address, and telephone number of the consumer, if applicable;

(2)  The specific information that the consumer is disputing and an explanation of the basis for the dispute; and

(3) All supporting documentation or other information reasonably required by the furnisher to substantiate the basis of the dispute.  This documentation may include, for example, a copy of the relevant portion of the consumer report that contains the allegedly inaccurate information; a police report; a fraud or identity theft affidavit; a court order; or account statements.

(e) *Duty of furnisher after receiving a direct dispute notice*.  After receiving a dispute notice from a consumer pursuant to paragraphs (c) and (d) of this section, the furnisher must:

(1) Conduct a reasonable investigation with respect to the disputed information;

(2) Review all relevant information provided by the consumer with the dispute notice;

(3) Complete its investigation of the dispute and report the results of the investigation to the consumer before the expiration of period under section 611(a)(1) of the FCRA (15 U.S.C. 1681i(a)(1)) within which a consumer reporting agency would be required to complete its action if the consumer had elected to dispute the information under that section; and

(4) If the investigation finds that the information reported was inaccurate, promptly notify each consumer reporting agency to which the furnisher provided inaccurate information of that determination and provide to the consumer

reporting agency any correction to that information that is necessary to make the information provided by the furnisher accurate.

  (f)  *Frivolous or irrelevant disputes*.

    (1)  A furnisher is not required to investigate a direct dispute if the furnisher has reasonably determined that the dispute is frivolous or irrelevant. A dispute qualifies as frivolous or irrelevant if:

> (i)  The consumer did not provide sufficient information to investigate the disputed information as required by paragraph (d) of this section;
>
> (ii)  The direct dispute is substantially the same as a dispute previously submitted by or on behalf of the consumer, either directly to the furnisher or through a consumer reporting agency, with respect to which the furnisher has already satisfied the applicable requirements of the Act or this section; provided, however, that a direct dispute is not substantially the same as a dispute previously submitted if the dispute includes information listed in paragraph (d) of this section that had not previously been provided to the furnisher; or
>
> (iii)  The furnisher is not required to investigate the direct dispute because one or more of the exceptions listed in paragraph (b) of this section applies.

  (g)  *Notice of determination*. Upon making a determination that a dispute is frivolous or irrelevant, the furnisher must notify the consumer of the determination

not later than five business days after making the determination, by mail or, if authorized by the consumer for that purpose, by any other means available to the furnisher.

(h)  *Contents of notice of determination that a dispute is frivolous or irrelevant.*  A notice of determination that a dispute is frivolous or irrelevant must include the reasons for such determination and identify any information required to investigate the disputed information, which notice may consist of a standardized form describing the general nature of such information.